# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| HOMEVESTORS OF AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-644 |
| | § | |
| AMERICAN REIS LLC, EXTREME REIS LLC, JEREMY GLICKMAN, KHURRAM RASOOL, FARHAD RASOOL, ROBERT WERNER, AND FRANK WHITE, | § § § § § | |
| | § | |
| Defendants. | § § | |

# COMPLAINT

Plaintiff HomeVestors of America, Inc. ("HomeVestors"), the We Buy Ugly Houses® people, files this Complaint against Defendants American REIS LLC, Extreme REIS LLC, Jeremy Glickman, Khurram Rasool, Fahrad Rasool, Robert Werner, and Frank White for trademark infringement, trademark dilution, false designation of origin, unfair competition, and copyright infringement. Defendants have copied HomeVestors' website, trademarks, copyrighted materials, and even HomeVestors' origin story to unfairly compete with HomeVestors. Below is a snippet from Defendants' "About Us" website at https://americanreis.com/about-us/:

> **Our story**
>
> It all started in the late 1980s when Ken D'Angelo, a real estate agent in Dallas, wanted to build a network of real estate buyers to help homeowners sell their unwanted, worn-down, and hard-to-sell properties. He founded HomeVestors® in 1996, a home-buying company that homeowners could directly sell their houses to "as is."

## I. PARTIES

1. Plaintiff HomeVestors is a Delaware corporation with its principal place of business in Dallas, Texas.

2. Defendant American REIS LLC ("American REIS") is a Wyoming limited liability company conducting business in Texas. American REIS has a business address at 10000 North Central Expressway Dallas, TX 75206.

3. Defendant Extreme REIS LLC ("Extreme REIS") is a Wyoming limited liability. On information and belief, Extreme REIS is an affiliate and/or alter ego of American REIS.

4. Defendant Jeremy Glickman ("Glickman") is an individual who resides in Florida. Glickman is an agent of American REIS and/or Extreme REIS.

5. Defendant Farhad Rasool ("Farhad") is an individual who resides in Islamabad, Pakistan. Farhad is an agent of American REIS and/or Extreme REIS.

6. Defendant Khurram Rasool ("Khurram") is an individual who resides in Islamabad, Pakistan. Khurram is CEO and an agent of American REIS and/or Extreme REIS.

7. Defendant Robert Werner ("Werner") is an individual who resides in Florida. Werner is an agent of American REIS and/or Extreme REIS.

8. Defendant Frank White with some or all of the other Defendants, is an individual who is an agent of American REIS and operating the entity.

## II. JURISDICTION AND VENUE

9. This is an action for trademark infringement and unfair competition arising under 15 U.S.C. §§ 1114 and 1125(a) and an action for copyright infringement under 17 U.S.C. §§ 501 et seq. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

10. Defendants are subject to personal jurisdiction in this district and venue is proper in this district because a substantial part of the events giving rise to the claims occurred in this district. 28 U.S.C. § 1391(b)(2). Defendants are further subject to personal jurisdiction because their tortious actions were aimed at and caused harm in Texas and this district. Defendants are further subject to personal jurisdiction because they do substantial business in Texas sufficient to be practically at home in Texas and/or the substantial business they do in Texas gave rise to the claims asserted by HomeVestors.

### III.     FACTUAL BACKGROUND

**A.     HomeVestors' IP Rights**

11. HomeVestors is the largest homebuyer in the United States. Since its founding in 1996, HomeVestors' network of approximately 1,000 independently owned and operated franchises has purchased over 150,000 homes throughout the United States. HomeVestors' franchisees, who are located in 47 states and the District of Columbia, build businesses based on buying, rehabbing, selling, and holding residential properties.

12. Known as the We Buy Ugly Houses® people, HomeVestors strives to make a positive impact in each of its over 175 markets. In January 2025, HomeVestors was ranked on Entrepreneur's annual Franchise 500 list. HomeVestors was listed on the 2021 Inc. 5000, and has been listed on the prestigious Franchise Business Review's List of Top Franchises 11 times. In 2020, Franchise Times ranked HomeVestors 94th on its Top 200 Franchise Chains by Worldwide Sales. HomeVestors recently received a Top Overall Franchise Award from FranchiseHelp, the world's largest independent information resource for prospective franchisees.

13. HomeVestors' franchisees often renovate the houses they purchase before selling or renting them to others. Consequently, since at least 2000, HomeVestors has used the mark WE BUY UGLY HOUSES in connection with its franchising and real estate services.

14. HomeVestors is also the owner of more than thirty United States Trademark Registrations for its UGLY family of marks (collectively, the "UGLY HOUSES Marks"), including for its cartoon-caveman mascot UG LEE:



15. HomeVestors registration of the UG LEE mark (U.S. Reg. No. 6,244,229) has become incontestable and constitute conclusive evidence of the validity of the marks, HomeVestors' ownership of the marks, and its exclusive right to use the marks. A copy of the USPTO Registrations for the HomeVestors Marks that Defendants are infringing are attached as Exhibit A.

16. In addition to owning federal trademark registrations for its Ug Lee logo, HomeVestors also owns several U.S. copyright registrations for visual works depicting Ug Lee, including Registration No. VA0001250960 ("Ug Lee Ugly with house"), VA0001250961 ("Ug Lee Ugly with money bag"), and Registration No. VA0002324485 ("Legacy Logo_DotCom") that is depicted below (collectively, the "Registered Works").

17. The Registered Works were published in 2004 and 2021, respectively. A copy of the U.S. Copyright Office online record information for the Registered Works that Defendants are infringing is attached as Exhibit B.

18. HomeVestors and its franchisees invest significant amounts of time, money, and energy into promoting HomeVestors' services under the HomeVestors Marks.  From 2017 to the present, HomeVestors and its franchisees have spent over $550 million in advertising and promoting the HomeVestors brand using the HomeVestors Marks.

19. Only HomeVestors and its independently owned and operated licensed franchisees have the right to use the HomeVestors Marks and Registered Works.

20. HomeVestors' franchisees advertise their real estate-related services through print media, billboards, the Internet, and on television and radio.  The annual advertising expenditures routinely exceed $85 million.

21. Due to the longstanding use, extensive advertising, and widespread recognition among the consuming public, HomeVestors' WE BUY UGLY HOUSES mark has become famous.

**B.  Defendants' Wrongful Acts**

22. Defendants copied HomeVestors' website in order to start a competing business, including copying much of HomeVestors' content, origin story, and facts that apply to HomeVestors, but not Defendants.

23. Starting with Defendants' homepage, they falsely state that they "have over 25 years of experience resolving tough situations." Defendants also have copied almost the entirety of HomeVestors origin story and put it on their website:

> **Our story**
>
> It all started in the late 1980s when Ken D'Angelo, a real estate agent in Dallas, wanted to build a network of real estate buyers to help homeowners sell their unwanted, worn-down, and hard-to-sell properties. He founded HomeVestors® in 1996, a home-buying company that homeowners could directly sell their houses to "as is."
>
> By the early 2000s, HomeVestors became known as the American REIS LLC® people, thanks to its iconic advertising campaign. The bright yellow signs and friendly spokes(cave)man, Ug, reassured homeowners that regardless of condition, they could sell a house "as is." Since then, American REIS LLC has offered thousands of house sellers a judgement-free and hassle-free way to sell their homes.
>
> For over 25 years, American REIS LLC has been in the business of just that: buying houses. And although we are the American REIS LLC people, it doesn't mean we think your house is ugly. We want to assure homeowners that big projects don't scare us, and we're more than happy to buy houses in all sorts of conditions. With 1,100 franchises spanning all across the United States, we've worked with 150,000 sellers (and counting) to buy their houses "as is."

24. Through their various false statements, Defendants are misrepresenting themselves as HomeVestors and/or being associated with HomeVestors.

25. Defendants are not licensed HomeVestors franchisees, nor do they have any affiliation with HomeVestors. Consequently, Defendants are not permitted to use any of the HomeVestors Marks to promote their real estate services.

26. Defendants are also direct competitors with HomeVestors in the buying and selling of houses.

27. Defendants have used and continue to use the HomeVestors marks and Registered Works or similar variations to advertise their real estate services as explained below.

28. HomeVestors is also the owner of trade dress consisting of a distinctive yellow and red color scheme in which Ug Lee is depicted with HomeVestors information, as shown below (all elements collectively referred to as "HomeVestors' Trade Dress").

29. HomeVestors' Trade Dress is used in signage, billboards, print media and Internet advertisements and even painted on vehicles.

30. Defendants have improperly used the HomeVestors Marks, Registered Works, and Trade Dress in connection with their real estate services, including in advertisements and on American REIS's website as depicted below:



31.     Here is a snippet from HomeVestors' homepage:



32.     Defendants' homepage essentially copied HomeVestors' website:



33. The distinctive design of HomeVestors' Trade Dress is not functional as it is not essential to the use or purpose of the advertising nor does the design affect the cost or quality of the advertising—it is merely an ornamental arrangement of features. It therefore constitutes protectable trade dress.

34. Only HomeVestors, its independently owned and operated franchisees, and its authorized marketing partners have the right to use HomeVestors' Marks, Registered Works, and Trade Dress in the United States. Said franchisees and authorized marketing partners may only do so with HomeVestors' express consent.

35. Defendants' conduct confuses and deceives consumers into believing that Defendants are affiliated with HomeVestors. Defendants' intent to confuse consumers (1) harms HomeVestors' reputation, (2) misappropriates business opportunities and profits intended for HomeVestors and its franchisees, (3) dilutes HomeVestors' famous marks, and (4) drives up advertising costs for HomeVestors.

36. Upon information and belief, there has been actual confusion.

**C.    Defendants Have Willfully and Intentionally Infringed Upon HomeVestors' Marks.**

37. Given their blatant counterfeiting of HomeVestors' website, Defendants were aware of HomeVestors' trademarks and Trade Dress.

38. Defendants' actions have injured, and if permitted to continue, will irreparably injure HomeVestors, its franchisees, the HomeVestors Marks, the goodwill associated with those marks, and HomeVestors' reputation for quality services in the following ways:

   (a) Defendants have knowingly, willfully, and/or intentionally acted in a manner that is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, authorization, or affiliation of Defendants' real estate services;

   (b) Defendants have deliberately interfered with and damaged, and will

      continue to damage HomeVestors' relationship with customers, potential customers, and users of HomeVestors' services and other products; and

(c)     Defendants' actions have harmed HomeVestors' reputation and goodwill.

39.     HomeVestors has no adequate remedy at law for many of these injuries, and thus seeks injunctive relief to end the continuing wrongful acts of Defendants.

## IV.   CLAIMS FOR RELIEF

**A.   COUNT I: Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114**

40.     HomeVestors realleges and incorporated by reference the allegations set forth in all proceeding paragraphs.

41.     HomeVestors is the owner of valid and subsisting U.S. registrations for the HomeVestors Marks identified above and in Exhibit A.

42.     Defendants' wrongful and unauthorized use in commerce of the HomeVestors Marks to promote, market or sell their franchising and/or real estate services constitutes trademark infringement under 15 U.S.C. § 1114, as it is likely to cause confusion, mistake or deception.

43.     Defendants' intentional and willful infringement of the HomeVestors Marks has caused, and will continue to cause, damage to HomeVestors, and is causing irreparable harm to HomeVestors for which there is no adequate remedy at law. Therefore, HomeVestors is entitled to injunctive relief against Defendants.

44.     HomeVestors is entitled to recover Defendants' profits, its actual damages, and the costs of this action. HomeVestors is further entitled to recover treble damages and attorneys' fees under 15 U.S.C. § 1117, as this is an exceptional case due to Defendants' willful conduct.

**B.   COUNT II: False Designation of Origin and Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(c)**

45.     HomeVestors realleges and incorporates by reference the allegations set forth in the

preceding paragraphs.

46. HomeVestors is the owner of valid U.S. registrations for the HomeVestors Marks identified above.

47. The HomeVestors Marks are distinctive marks that are associated with HomeVestors and exclusive identify HomeVestors' business and services.

48. Defendants have used, and continue to use, in commerce one or more words, terms, names, symbols, devices, designs and combinations thereof and/or false descriptions of origin that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with HomeVestors and/or as to the origin, sponsorship, or approval of the services and products and commercial activities of Defendants, and thus constitute trademark infringement, false designation of origin, and unfair competition with respect to the HomeVestors Marks, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

49. The actions of Defendants described above have at all times relevant to this action been willful and intentional.

50. As a result of Defendants' actions, HomeVestors has been damaged and will continue to be damaged. HomeVestors is entitled to recover Defendants' profits, its actual damages, and the costs of this action. HomeVestors is further entitled to recover treble damages and attorneys' fees under 15 U.S.C. § 1117, as this is an exceptional case due to Defendants' willful conduct.

C. **COUNT III: Dilution under the Lanham Act, 15 U.S.C. § 1125**

51. HomeVestors realleges and incorporated by reference the allegations set forth in all proceeding paragraphs.

52. Based at least on the distinctiveness of the WE BUY UGLY HOUSES Mark, the

duration and extent of advertising featuring the WE BUY UGLY HOUSES Mark, the geographic area in which HomeVestors franchisees advertise their real estate-related services under the WE BUY UGLY HOUSES Mark, the nature of the trade channels used to market such real estate-related services under the WE BUY UGLY HOUSES Mark compared to the trade channels through which Defendants' market, intend to market, or are likely to market their services, the degree of public recognition of the WE BUY UGLY HOUSES Mark, and HomeVestors' numerous federal registrations for the WE BUY UGLY HOUSES Mark, the WE BUY UGLY HOUSES Marks have become famous, as that term is used in Section 43(c) of the Lanham Act, and have been famous for years.

53. Defendants' actions described above, all occurring after the WE BUY UGLY HOUSES Mark became famous are likely to cause dilution of the famous WE BUY UGLY HOUSES Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C.A. § 1125(c).

54. HomeVestors has sustained damage as a direct and proximate result of Defendants' dilution in an amount to be proven at trial.

D.   COUNT IV: Copyright Infringement

55. HomeVestors realleges and incorporated by reference the allegations set forth in all proceeding paragraphs.

56. The Registered Works are highly original and contain creative expression and independent analysis. Each of the Registered Works is an original work copyrighted under 17 U.S.C. § 102(a).

57. Plaintiff owns all right, title, and interest in and to the Registered Works and is the owner of a valid copyright registrations for the Registered Works.

58. As the owner of the Registered Works, Plaintiff has the exclusive right to (1) reproduce the Registered Works and (2) distribute copies of the Registered Works pursuant to Section 106 of the Copyright Act, 17 U.S.C. § 106.

59. Copies of the Registered Works were made available to Defendants, for example, on HomeVestors' website.

60. On information and belief, Defendants copied and distributed the Registered Works on a consistent and systematic basis, without Plaintiff's authorization or consent.

61. Based on the inclusion notices and warnings contained on Plaintiff's website and other publications, Defendants knew and/or was on notice that the Registered Works were and are protected by the copyright laws, and Defendant is therefore unable to assert a defense of innocent infringement. *See* 17 U.S.C. § 401(d).

62. Upon information and belief, Defendants willfully infringed the copyrights in the Registered Works by acting with knowledge that its actions constituted infringement, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

63. Defendants' acts violate Plaintiff's exclusive rights under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiff's copyrights in the Registered Works. Defendant's past and continuing copying, transmitting, and distribution of Plaintiff's Registered Works constitute a willful, deliberate, and ongoing infringement of Plaintiff's registered copyrights and are causing irreparable harm and damage to Plaintiff.

64. Plaintiff has no adequate remedy at law.

## APPLICATION FOR PERMANENT INJUNCTION

65. HomeVestors realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

66. Defendants, unless enjoined, will continue to misrepresent to or mislead the public into believing that their services are sponsored by, approved by, affiliated with, associated with, or originated by HomeVestors. Defendants will continue to infringe the HomeVestors Marks by using those marks or confusingly similar variations, to identify Defendants' competitive franchising and real estate services in violation of the Lanham Act.

67. These actions entitle HomeVestors to a permanent injunction, upon hearing, enjoining Defendants and their officers, agents, servants, employees, franchisees, and attorneys, and all persons in active concert or in participation with Defendants from:

(a) Representing Defendants' services are in any way sponsored by, approved by, affiliated with, or originated by HomeVestors;

(b) Using any of the UGLY HOUSES Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name, name component, domain name or domain name component, source codes, trade dress, or to otherwise market, advertise, or identify Defendants' services; and

(c) Otherwise competing unfairly with HomeVestors or injuring its business reputation in any manner.

68. For these actions, there is no adequate remedy at law. HomeVestors is therefore entitled to permanent injunctive relief against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, HomeVestors respectfully prays that the Court enter judgment in its favor on each and every claim for relief set forth above and award it relief against Defendants including, but not limited to:

(1) Actual, treble, and exemplary damages;

(2) In accordance with 15 U.S.C. § 1116, issue a permanent injunction enjoining Defendants and Defendants' officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendants from the acts described in this Complaint;

(3) Order Defendants and Defendants' officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendants to identify all third parties to whom Defendants have represented an ownership, affiliation, association, or sponsorship with the UGLY HOUSES Marks and to whom Defendants have distributed any type of materials incorporating the UGLY HOUSES Marks;

(4) Order Defendants and Defendants' officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendants to identify all other advertisements containing the UGLY HOUSES Marks;

(5) Order Defendants to provide an accounting of all sales, revenues, and profits related to Defendants' services that infringe the HomeVestors Marks and that are falsely designated as being sponsored by, approved by, affiliated with, or associated with HomeVestors;

(6) In accordance with 15 U.S.C. § 1118, order all materials in Defendants' possession or control bearing the HomeVestors Marks be surrendered for destruction;

(7) In accordance with 15 U.S.C. §§ 1117(a) and (d), award HomeVestors all of Defendants' profits from the aforesaid acts of trademark infringement, and unfair competition;

(8) In accordance with 15 U.S.C. §§ 1117(b) and (c), award HomeVestors the maximum statutory damages for Defendants' counterfeiting of the HomeVestors Marks;

(9) In accordance with 15 U.S.C. § 1117(a), find this case to be exceptional in HomeVestors' favor and award HomeVestors its reasonable attorney's fees, costs, and expenses of this action;

(10) In accordance with 17 U.S.C. § 504(c), award HomeVestors the maximum statutory damages for Defendants' willful infringement of each registered work;

(11) Award HomeVestors its costs and pre-judgment and post-judgment interest at the maximum allowable interest rate;

(12) Order that Defendants must file with the Court and serve on HomeVestors' counsel within 30 days after entry of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants has complied with the injunction; and

 (13) Grant HomeVestors such other relief, at law or in equity, to which it is justly entitled.

Dated: March 17, 2025    Respectfully submitted:

           **HOLLAND & KNIGHT LLP**

           By: */s/ Justin S. Cohen*

           **Justin S. Cohen**
            Texas Bar No. 24078356
            Justin.Cohen@hklaw.com
           **Dina W. McKenney**
            Texas Bar No. 24092809
            Dina.McKenney@hklaw.com

            One Arts Plaza
            1722 Routh St., Suite 1500
            Dallas, Texas 75201
            214.969.1700

           *Attorneys for HomeVestors of America, Inc.*